Leslie Powell appeals from the sentence imposed by the trial court on his convictions for three fifth-degree felonies. For the reasons that follow, the judgment of the trial court will be affirmed.
As a result of certain bank deposits and withdrawals, Powell was indicted on two counts of theft by deception in violation of R.C. 2913.02(A)(3). In addition, Powell was indicted on one count of passing a bad check in violation of R.C. 2913.11 (A). Each of the three charges constituted a felony of the fifth degree.
Powell subsequently entered a written plea of guilty to three charges. The guilty plea stated, in pertinent part:
 14. I understand that there (is) an underlying agreement upon which this plea is based and it is as follows: In exchange for Defendant's plea(s) as charged to Count I, II, III contained in the indictment State recommends 7 months on each count to run concurrently.
At the hearing in which Powell entered his plea of guilty, the trial court confirmed Powell's understanding of the plea agreement, as follows:
 THE COURT: It is my understanding that there is an underlying agreement upon which you're basing your plea. That is that return (sic) for your pleas as charged to Counts 1, 2 and 3 contained in the indictment the State is recommending 7 months on each count, but each count to be run concurrently to each other, which would mean that the recommendation to the Court is that the Court sentence to you (sic) 7 months total. Is that your understanding of the underlying agreement.
THE DEFENDANT: Yes.
Transcript of Guilty Plea Proceedings, Dec. 16, 1997, at p. 5.
The trial court also advised Powell that his plea agreement was not between Powell and the court, that the court was not bound by that agreement, and that the court was not promising or guaranteeing Powell a seven-month sentence. Id., at 5-6. The court also confirmed that Powell understood that the maximum penalty the court could impose on the three charges was three years imprisonment and a fine of 7,500 dollars. Id., at 10.
The court found that Powell's guilty pleas were knowingly and voluntarily made. The court accepted those pleas, found Powell guilty of the charges against him, and referred the matter to the adult probation department for a pre-sentence investigation. Id., at 12. The court asked Powell to cooperate with that investigation, stating that "[n]eedless to say, there is an underlying agreement which suggests a certain sentencing." Id.
Following submission of the pre-sentence investigation report, the court held a sentencing hearing. Counsel for both parties confirmed that they had had an opportunity to review the pre-sentence investigation recommendation. Transcript of Final Disposition Proceedings, Feb. 17, 1998, at p. 2. Mr. Powell asked the Court for "leniency." His counsel, after confirming that Powell had been convicted of a prior felony offense in 1992, also asked for leniency in Powell's behalf, and suggested the possibility of community control sanctions.Id., at 3-4. The court then addressed Mr. Powell as follows:
 Mr. Powell, the Court has taken all matters under consideration, as well as the principles and purposes of sentencing. The Court does find, however, that you have — and I understand it has been quite a while ago, you have been previously convicted of a felony offense while you were under community control or a non prison sanction. The Court finds at this time, that you're not amenable to community control and that prison is consistent with the purposes of sentencing.
 The Court does find that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public and further that there is a great likelihood of recidivism.
 However, the Court also has not totally ignored the statements that you have made or points that your counsel has made. Your continuation of this type of conduct, and I understand that there has been a break in your conduct and the Court is giving you some credit for that, but, you know, the problem is that you get moving in the right direction and then something like this happens. And so basically you're hurting yourself by these types of activities.
 The Court, although, does not find that I'm going to — that I need to sentence you to a maximum sentence consecutive.
 I'm going to sentence you on each Count for a definite period of 7 months. All of those sentences are to run concurrently for a total of 7 months.
* * *
 Mr. Powell, if you mean what you say, that you want to straighten your life around, hopefully that you'll not be deterred from that goal. I'm just telling you right now that the more that you come in here the more that there is going to be less and less and less tolerance. We are talking about at this point in time a 7 month sentence, which no one would want to do in prison. But the next time, with these types of things, you probably are going to be talking at least maximums on some and consecutive. You understand that kind of stuff. So, I mean you're getting to the point of where the only option that this Court has when I come in here is to be as punitive as I can be and keep you off the streets as long as I can. * * *
Id., at 4-7.
In its sentencing entry, the court stated that it had considered "the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. Section2929.11, and has balanced the seriousness and recidivism factors pursuant to Ohio Revised Code Section 2929.12." The court found, pursuant to R.C. 2929.13 (B), that the "offender already under (sic) a community control (non-prison) sanction." The court further found that "the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. Section 2929.11." The court similarly found that "a community control sanction is inconsistent with the purposes and principles of sentencing in Revised Code Section 2929.11." Finally, pursuant to R.C. 2929.14, the court also found that the shortest prison term would demean the seriousness of the defendant's conduct and would not adequately protect the public from future crime by the defendant or others, and that "the defendant poses a likelihood of recidivism." Accordingly, as stated at the sentencing hearing, the court sentenced Powell to a definite term of seven months imprisonment on each of the three counts for which he had been found guilty, with those sentences to be served concurrently. Although the court did order Powell to make restitution, it imposed no fine on Powell.
Powell filed a timely notice of appeal of the court's judgment. In this appeal, Powell does not challenge his conviction, but rather, only the sentence imposed by the trial court. He presents two assignments of error for our review.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY MISAPPLYING THE SENTENCING STATUTE (O.R.C. 2929.12
(D) (1)) TO WRONGFULLY CONCLUDE THAT APPELLANT HAD COMMITTED A SECOND OFFENSE WHILE ON PROBATION/COMMUNITY CONTROL IN CALIFORNIA AND THAT SAID CONDUCT CONSTITUTES PLAIN ERROR.
In this assignment of error, Powell contends that the court erred in sentencing him as it did because the court misinterpreted the pre-sentence investigation ("PSI") report to wrongfully conclude that Powell committed an offense while under a community control sanction. The PSI report, which has been included in the record at the defendant's request, indicates that Powell was previously convicted of burglary in California, for which he received a sentence of one year incarceration and three years probation. The PSI report does not reflect that Powell committed that offense while under a community control sanction. Moreover, the PSI report does not clearly reflect that Powell committed the present offenses while still under probation from his California conviction for burglary. The PSI report lists a date of November 17, 1992 in connection with the California burglary; however, it is not clear from the report whether the date listed is the date of the offense, the date of an indictment for the offense, the date of the California court's disposition for that offense, or the date that Powell's sentence for that offense commenced. If it is to be assumed that the date listed in the PSI report is the date Powell began to serve his sentence for the California offense, then his period of probation in California presumably ended in November of 1996, which is prior to the time that Powell committed the offenses which are the subject of this appeal. To that extent, the court may have been mistaken when it found in its sentencing entry that "offender already under a community control (non-prison) sanction." Nevertheless, any alleged error the trial court may have made in its interpretation of the PSI report does not require a reversal of the defendant's sentence.
R.C. 2953.08 permits a defendant who is convicted of a felony to appeal the sentence imposed by the trial court under certain circumstances. Pursuant to R.C. 2953.08 (A) (2), a defendant who is convicted of a fifth degree felony and who receives a prison sentence may appeal that sentence when the court does not make a finding of one of the factors specified in R.C.2929.13 (B) (1). Here, although the court did make a finding under R.C. 2929.13 (B), i.e., that the defendant committed an offense while under a community control sanction, the defendant contends that the court's finding was erroneous. Nevertheless, R.C. 2953.08(D) states in relevant part:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
For a fifth degree felony, a trial court may impose a prison sentence of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14 (A) (5). In addition, the court may impose a fine of not more than two thousand five hundred dollars for a fifth degree felony. R.C. 2929.18 (A) (3) (e). The sentence imposed by the trial court, seven months imprisonment for each felony with the sentences to be served concurrently, was well within the parameters set forth in the sentencing statutes and thus, is one that is authorized by law.
Moreover, the sentence imposed by the trial court is precisely the one contemplated by the plea agreement the defendant entered into with the State. Although the defendant and his counsel spoke in favor of "leniency" at the sentencing hearing, implicit in the plea agreement was a recognition that both sides considered the prison sentence imposed to be an appropriate one. To that extent, we believe that when the court sentenced the defendant precisely in accord with the terms of the plea agreement, it imposed a sentence that effectively had been recommended jointly by the defendant and the prosecution. Accordingly, pursuant to R.C. 2953.08 (D), the sentence imposed by the trial court is not subject to review on appeal. In short, the defendant cannot now be heard to complain when the sentence imposed by the trial court is precisely the one contemplated by the parties' plea agreement.
Even if R.C. 2953.08 did not serve to preclude review of the trial court's sentence, we would nevertheless affirm the trial court's imposition of that sentence. R.C. 2929.13 provides guidance to a trial court when sentencing a defendant for the commission of a felony. Pursuant to R.C. 2929.13(B), in sentencing an offender for a fourth or fifth degree felony, the court is to determine whether any of a number of circumstances apply. Implicit in the defendant's assignment of error is an argument that in the absence of one of the findings contemplated by R.C. 2929.13 (B), the court may not impose a term of imprisonment for a fifth degree felony. We have previously rejected such an interpretation of R.C. 2929.13 (B) in the context of a fourth degree felony. In a well-reasoned opinion written by Judge William H. Wolff, Jr., this court has stated:
 In this case, the trial court expressly stated that it did not make a finding specified in R.C. 2929.13(B)(1). Essentially, Sutherland argues that because the trial court did not make a finding under R.C. 2929.13(B)(1), the trial court is precluded from sentencing him to prison for the two fourth degree felonies. Apparently, Sutherland believes that there is a presumption against imposing a prison sentence for a fourth or fifth degree felony and that the only way to rebut that presumption is for the trial court to make a finding under R.C. 2929.13(B)(1).
 We disagree. First, there is no statutory presumption that a fourth or fifth degree felon be sentenced to community control rather than prison. Although the Sentencing Commission recommended a straight presumption against imprisonment for fourth and fifth degree felonies unless one of the eight enumerated factors increasing the seriousness of the offense existed, the General Assembly was unwilling to accept a straight presumption. Rather, R.C. 2929.13(B) gives general guidance and a "disposition against imprisonment" for fourth and fifth degree felonies. Griffin 
Katz, Ohio Felony Sentencing Law, 1996-97, pp. 61-62, 67.
 Second, as we read R.C. 2929.13(B)(2), subsection (a) mandates that the trial court impose a prison sentence where it makes a finding under (B)(1) and where it also finds, after considering the R.C. 2929.12 factors, that a prison sentence is consistent with the purposes and principles of sentencing and that the offender is not amenable to a community control sanction. On the other hand, subsection (b) mandates that the trial court impose a community control sanction where it does not make a finding under (B)(1) and where it also finds, after considering the R.C. 2929.12 factors, that a community control sanction or a combination of community control sanctions is consistent with the purposes and principles of sentencing.
 We have neither situation in this case. Here, the trial court did not make a finding under R.C. 2929.13(B)(1) but did find, after considering the R.C. 2929.12 factors, that a community control sanction was inconsistent with the purposes and principles of sentencing. Under these circumstances, the trial court was not compelled by R.C. 2929.13(B)(2)(a) to impose a prison sentence or by R.C. 2929.13(B)(2)(b) to impose a community control sanction. Rather, it was within the trial court's judgment to determine, after considering the factors set forth in R.C. 2929.12, what type of sentence would best serve the overriding purposes and principles of sentencing contained in R.C. 2929.11. Again, because the trial court imposed a prison sentence under these circumstances, Sutherland was afforded an appeal as of right. See R.C. 2953.08(A)(2).
State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25, unreported.
Here, the trial court specifically found that the defendant was not amenable to community control sanctions and that prison was consistent with the purposes and principles of sentencing found in R.C. 2929.11. Moreover, the trial court stated that it had balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. The trial court specifically found that the defendant posed a likelihood of recidivism.
Pursuant to R.C. 2929.12 (D) (2) and (3), factors that indicate that an offender is likely to commit future crimes include the offender's history of criminal convictions and the offender's failure to respond favorably to sanctions previously imposed for criminal convictions. Although the court may have misinterpreted the PSI report in concluding that the defendant committed an offense while under a community control sanction, it is apparent that the court was well aware of the defendant's criminal history, including his conviction and sentencing on the burglary felony in California. Moreover, the court's statements to the defendant at the sentencing hearing manifest its concern with the continuing nature of defendant's conduct and its belief that in the absence of a prison sentence on the present charges, the defendant would not be sufficiently deterred from engaging in future criminal activity. Thus, regardless of whether the court made an erroneous finding under R.C. 2929.13(B), its finding that the defendant was not amenable to community control sanctions is amply supported by the record. As a result, the trial court acted well within its sound discretion in sentencing the defendant to a term of imprisonment.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING AND ENTERING A PLEA OF GUILTY WHEN APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL SINCE SAID TRIAL COUNSEL FAILED TO OBJECT TO OR OTHERWISE ADDRESS THE TRIAL COURT'S MISINTERPRETATION OF THE PRESENTENCE REPORT.
In this assignment of error, Powell contends that his trial counsel's failure to apprise the court of its alleged misinterpretation of the PSI report constituted ineffective assistance of counsel. In order to show ineffective assistance of counsel, a defendant must show that his attorney's representation fell below an objective standard of reasonableness and that the defendant was prejudiced by the deficient performance. In order to show prejudice, the defendant must show that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. In view of the fact that the defendant received the sentence contemplated by the plea agreement, it can hardly be said that counsel's representation fell below an objective standard of reasonableness. Moreover, in connection with the previous assignment of error, we concluded that the court did not err in its sentencing of the defendant even if it misinterpreted the PSI report. Accordingly, any failure of defendant's trial counsel to draw to the court's attention its alleged misinterpretation of that report did not result in prejudice to the defendant.
The second assignment of error is overruled.
 CONCLUSION
Having overruled the two assignments of error advanced by the defendant, the judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Robert K. Hendrix J. Allen Wilmes Hon. Thomas M. Rose